WILLIAM HUDSON v. ERNEST FEIGE.

*Log-driving—Hearsay—Refusal to fulfill—Depositions—Striking out name of party—Loss from failure to perform.*

1. In an action on an assigned claim for log-driving, plaintiff sought to show by defendant's agent that while the drive was in progress the driver had tried to take in the rear; but it appeared that all the witness knew about it was what one of the driver's workmen had told him. Plaintiff moved to strike out the testimony as hearsay. *Held,* that it was objectionable in the light of an instruction that the driver should have had a chance to go back and take in the rear after the logs were taken out.

2. When one party to a contract has refused to take farther steps in its execution the other need not wait for him to do so, especially if the subject-matter of it is spoiling in consequence of the delay.

3. Depositions lawfully taken and filed in an original suit may be used on appeal. How. Stat. § 7472.

4. Striking out the name of a co-plaintiff is within the Statute of Amendments (How. Stat. § 7636), if it appears to be improperly in the declaration.

5. In an action for services in driving logs the question whether such logs were to be driven as could only be supported by floats is for the jury in view of the circumstances under which the contract was made. It is also for the jury to say whether they could have been run with extra exertion, or run the next year, and when the defendant should have exerted himself to prevent as much damage as possible. And a charge assuming that defendant was entitled to no allowances for losses in these particulars is misleading.

6. Defendant in an action on a contract is entitled to be allowed all the expense he has incurred and loss he has suffered from plaintiff's violation of his contract, so far as he can prove them.

Error to Saginaw. (Gage, J.) June 17.—Sept. 29.

ASSUMPSIT. Defendant brings error. Reversed.

*Sweet & Flanders* for appellant.

*Trask, Grout & Smith* for appellee.

SHERWOOD, J. In 1882 and 1883 the defendant, by one Brazee, acting as his agent, purchased a lot of hard-wood logs in the vicinity of Chippewa river, amounting, according to the scale-bills, to 277,470 feet. The defendant claims of this amount 196,480 feet was put into the river by him in 1882, and in 1883, 80,990 feet. The logs put in the stream each year were marked differently. The defendant, by his agent, in the spring of 1882 contracted with one Curry (who was in the employ of the firm of Whitney & Remick) to run the logs purchased in 1882 from where the defendants put the same afloat in said river to the boom limits of the Tittabawassee Boom Company on said stream. The defendant, by his agent, also in like manner contracted with the plaintiff to run the logs put in in 1883 to the boom limits. For the driving of all these logs the defendant was to pay twenty cents per thousand feet. The plaintiff claims for driving 289,760 feet put in the river in 1882, being mostly driven by Curry for Whitney & Remick, and the claim therefor assigned to plaintiff also for driving 68,581 feet of the amount put in in 1883. The defendant, by way of defense, claims that the logs were not all driven in either year by either Curry or Hudson; that many of them were allowed to sink for want of the necessary floats and other usual means to prevent it; that very many of the logs were left back, having floated out upon the banks of the river, where they were left; that Curry abandoned the drive in June, 1882, and would not go back and take in the rear, and that the defendant suffered much in the loss of his logs thus allowed to sink, and in being obliged to look after the rear, and for moneys laid out and expended in having the logs sawed along the line of the river in consequence of low water, and in transporting the lumber to the point where the logs were to have been driven; also that many of the logs were entirely lost to him, in all amounting to more than the plaintiff's claim; and that plaintiff was not entitled to recover any sum whatever. Defendant also claims that the plaintiff was to have extra price for driving these logs, double the price for driving pine, and that he should have taken the pains neces-

sary to keep the logs afloat; that by the terms of the contract made with plaintiff and with Curry, the plaintiff was to drive the logs put afloat by the defendant in the river, and was "to drive them clean." The plaintiff, however, contended that they were to drive those only that would float. The case was tried by jury, and judgment rendered for the plaintiff, and defendant brings error.

It appears from the record that in the month of June, 1882, after Curry had gone down the river with the logs, he refused to go back and take in the rear. This was said to Mr. Brazee, the agent of the defendant, and after this the defendant took charge of the logs in the rear as well as he could. Brazee was called as a witness by the plaintiff, and he attempted to show by him that Curry made an effort to get the logs in the rear in, while the drive was in progress, and it appears all that he knew about it was what he had been told by one Dan Hoe, an employee of Curry. Counsel for defendant moved to strike out this testimony on the ground that it was hearsay. I think this piece of testimony, taken in connection with the following charge of the court, was objectionable, viz.: "Feige might take his logs out at Mt. Pleasant if he saw fit to do so, yet he could not charge Curry or Hudson for taking the logs out at Mt. Pleasant, if the time had not arrived for Curry to go back and take in his rear. After they were taken in at Mt. Pleasant the parties could have gone back on the river and taken in the rear of the logs. Curry ought to have had that opportunity to do so." Mt. Pleasant was the place where the defendant procured his sawing done after he took charge of the logs and brought in the rear. The court having overruled the objection to the testimony offered, substantially said to the jury Feige had no claim to be allowed him in any of the items he presented. This was clearly erroneous under the circumstances detailed in the record. After the plaintiff had neglected to drive the logs, or any part thereof, and informed the defendant's agent he should not do so, it was entirely unnecessary for defendant to wait longer for plaintiff to perform his contract, and particularly was this the case when

logs were being ruined and made worthless by longer detention.

The deposition of witness Curry was properly admitted under the facts detailed, and the amendment of the declaration, by striking the name of Robert Louden therefrom, was clearly within the Statute of Amendments, and the defendant could not be in anywise prejudiced thereby. How. Stat. § 7636. Whether the plaintiff was to run the logs which would not float except as supported by floats or other means, was a question for the jury to ascertain in the light of all the circumstances surrounding the making of the contract, and was a proper matter to be left to their determination. I do not think that part of the charge embraced in the seventeenth assignment of error should have been given. Whether it was made to appear or not that the logs might have been run the succeeding year, or, with extra exertions, in the year the plaintiff and Curry attempted to run them, were questions for the jury; and at what time the defendant should have exerted himself to rescue the logs and get them to some place where the least injury and damage would be sustained, and the least amount of expense would be incurred, would depend upon a variety of circumstances, involving the condition of the logs, the height of the water, and the situation of other drives in the stream; and the legitimate expense incurred in accomplishing what the plaintiff had contracted to do, at the most favorable time and under the most favorable circumstances, after the plaintiff had refused to go back after the logs, might far exceed those in the charge of the court stated, referred to, and to that extent the charge was misleading. The defendant was entitled to be allowed for all the expenses and injury he had incurred and received from the alleged violation of the plaintiff's contract, to the extent he could prove them. No other errors appear in the record requiring discussion; but, on account of those noticed.

The judgment must be reversed and a new trial granted.

COOLEY, C. J. and CAMPBELL, J. concurred.