## WILLIAM HUDSON v. ERNEST FEIGE.

[See 58 Mich. 148.]

*Evidence—Admission on proposal to supplement by further proof—Failure to introduce additional testimony.*

Where testimony is admitted which, standing alone, is incompetent and immaterial, under a promise of counsel to supplement it by other testimony removing such objections, which promise is not kept, and the court bases a portion of the charge to the jury on such testimony,—
   *Held*, error, entitling the injured party to a new trial.[1]

Error to Saginaw. (Gage, J.) Argued November 17, 1886. Decided January 6, 1887.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*William H. Sweet* (*Wilbur & Brucker*, of counsel), for appellant.

*Trask, Grout & Smith*, for plaintiff.

[No authorities cited.—REPORTER.]

MORSE, J. The controversy in this suit is stated in 58 Mich. 148, by Justice SHERWOOD, in his opinion filed when the case was here before.

---

[1] See *Seligman v. Ten Eyck Estate*, 60 Mich. 267 (head-note 2).

The claim of the plaintiff is for driving logs for the defendant, put afloat in the Chippewa river in 1883; which logs were hard-wood, and marked "Diamond F." He also sued upon the claim of one Curry, assigned to him, for driving hard-wood logs in the same river, put afloat therein by the defendant in 1882, and marked "E. F. E." For the driving of these logs he and Curry were to receive each 20 cents per 1,000 feet.

The defendant claims that Curry abandoned his drive, and notified him that he should not go back after the logs left behind; that by this action on Curry's part, and also the negligence of both Curry and Hudson in not taking proper care in driving the logs, many of them were left along the stream, to his damage, which damage he sought to recoup against plaintiff's claim, and which he contends amounted to more than said claim.

The jury found a verdict for plaintiff for $84.35.

A number of errors are assigned, some of which do not need discussion.

A witness, Michael Garvin, was permitted to testify, against objection, that he was employed by Curry to pay off men that worked on the river, and to detail the manner in which he paid them off, and what Curry told him about paying them, and how to pay them. He did not know where the men that he paid off were working. Upon objection being made that this evidence was incompetent and immaterial, and upon motion to strike it out of the case, plaintiff's counsel stated that he proposed to show, as evidence tending to prove that Curry endeavored to take in his rear, including the "E. F. E." logs of defendant, that he employed the witness, Garvin, to settle with the men who worked on this drive, and that he proposed to follow it up by the testimony of witnesses Hoe and Campbell that Curry sought to take in his rear, and sent his foreman and Campbell and others back to take it in, but they could not do so on account of the stage

of the water; and that, if the logs left behind had not been taken out of the stream and sawed by the defendant, there was high water later in the season, by which they might have been run out.

The testimony was permitted to stand, and witness further to state that among the men paid by him were Curry's foreman—Hoe—and Campbell.

Plaintiff's counsel failed, however, to introduce any evidence in support of his proposition, outside of Garvin's, although Campbell was sworn as a witness, and the deposition of Curry introduced in evidence. This failure left Garvin's evidence unsupported by the proposed showing, and clearly incompetent and immaterial.

It was probably used as a basis before the jury for the claim that Curry did go back and try to take up his rear. The circuit judge, in his charge to the jury, stated correctly that Curry must be responsible for the damage and expense occasioned to the defendant by any want of diligence in driving the logs; or, if the jury found that Curry stated to the agent of defendant that he would not go back and take any of the logs that were left behind, and, in consequence of such statement, defendant went back himself and took the logs out of the stream, at Mt. Pleasant, and sawed them into lumber, and that was the most reasonable way of taking care of them to prevent loss, then, as to such logs as Curry might have got had he gone back and taken in his rear, the defendant could charge, in this suit, to Curry the extra expense it was to him over and above what it would have cost had they been run down the river to Saginaw. But he qualified this as follows:

"If, however, you find that Mr. Curry did not absolutely refuse to go back and take in the rear, but declined only to go back at that particular period of time, when he was requested to do so by Mr. Brazee [the agent of defendant], and at that time it was impossible, from the very nature of the stream, for him to comply with Brazee's request, under

such circumstances he would only be responsible for such logs as he neglected to drive in the early spring; and he ought, under such circumstances, to have had the opportunity of going back and taking in the rear, if he desired to."

There was absolutely no evidence upon which to ground this portion of the charge, except the testimony of Garvin, and the proposal of plaintiff's counsel to follow it up by other evidence, which he failed to do.

If this incompetent and immaterial evidence of Garvin, coupled with the counsel's offer, misled the court, as it evidently did, it probably had the same effect upon the jury, which effect, under this charge of the court, may have influenced the verdict.

The evidence appears to be uncontradicted that Curry refused to go back and take in his rear at all, and that he did not go back for that purpose. He does not deny this in his deposition.

For these errors the judgment in the court below will be reversed, and a new trial granted. I find no other error prejudicial to the defendant in the proceedings.

The other Justices concurred.